IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CODEBREAKER FILMS LLC**<br>817 Erie Street<br>Oakland, CA 94610<br><br>       Plaintiff,<br>  v.<br><br>**FEDERAL BUREAU OF INVESTIGATION**<br>935 Pennsylvania Avenue, NW<br>Washington, DC 20535<br><br>**UNITED STATES DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br><br>       Defendants. | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Codebreaker Films LLC ("Codebreaker Films" or "Plaintiff"), by and through its undersigned counsel, hereby alleges as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act"), for declaratory, injunctive, and other appropriate relief brought by Codebreaker Films against the United States Department of Justice ("DOJ") and Federal Bureau of Investigation ("FBI") (collectively, "Defendants").

2. By this action, Plaintiff seeks to compel Defendants to comply with their obligations under FOIA to release records Plaintiff requested in connection with their documentary filmmaking. Plaintiff is statutorily entitled to disclosure of the requested records, which Defendants have withheld in violation of the Act.

1

## PARTIES

3. Plaintiff Codebreaker Films LLC is a documentary film production company incorporated in California, with offices in California and New York. Codebreaker Films and its filmmakers have produced several documentary films to date, including *United States vs. Reality Winner*, *National Bird*, *From Journalist to Hostage*, and *Enemies of the State*.

4. Defendant United States Department of Justice is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of the records that Plaintiff seeks. The DOJ's headquarters is located at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

5. Defendant Federal Bureau of Investigation, headquartered at 935 Pennsylvania Avenue N.W., Washington, D.C. 20535, is a component of DOJ that has possession, custody, and/or control of records that Plaintiff seeks.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

8. Codebreaker Films' FOIA requests, described in detail below, were made for newsgathering purposes in connection with their film *Enemies of the State*, an investigative documentary about Matthew DeHart, an alleged hacker and whistleblower.

9. On May 25, 2018, Codebreaker Films submitted a FOIA request to the FBI via online portal (the "First Request"). A true and correct copy of Codebreaker Films' First Request (without attachment) is attached hereto as **Exhibit A** and is incorporated by reference herein.

10. Plaintiff's First Request sought the following:

> [C]opies of all records, including but not limited to video, audio, and written records such as FD_302 forms, regarding any interactions with and interviews of Matthew Paul DeHart by FBI Agents, including but not limited to Special Agent Adam Krametbauer, between August 6, 2010 and August 20, 2010, specifically on the following dates and locations:
> - August 6, 2010: Calais, Maine
> - August 6-10, 2010: Penobscot County Jail, Bangor, Maine
> - August 11 or 12, 2010: Cumberland County Jail, Portland, Maine
> - August 13-19, 2010: Strafford County Jail, Dover, New Hampshire
>
> . . . .
>
> Furthermore, we are looking for any records, including but not limited to video, audio, and written records, that mention Matthew Paul DeHart. This includes all FD-302 forms filed in connection with his person. It also includes any records of surveillance of Matthew Paul DeHart.

11. Plaintiff's First Request included a signed privacy waiver/DOJ-361 form from Mr. DeHart.

12. Plaintiff's First Request sought both a fee benefit as a representative of the news media under 5 U.S.C. § 552(a)(4)(A)(ii) and a fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii).

13. By letter dated June 1, 2018, the FBI acknowledged receipt of Plaintiff's First Request, assigning it tracking number 1406831-000. A true and correct copy of the FBI's June 1, 2018 acknowledgement letter is attached hereto as **Exhibit B.**

14. The FBI's June 1, 2018 acknowledgement letter further stated that Plaintiff's request for a fee benefit as a representative of the news media was granted, and Plaintiff's request for a fee waiver was under consideration.

15. On August 13, 2018, Codebreaker Films submitted a second FOIA request to the FBI via its online portal (the "Second Request"). A true and correct copy of Codebreaker Films' Second Request (without attachment) is attached hereto as **Exhibit C** and is incorporated by reference herein.

16. Plaintiff's Second Request sought the following:

> [C]opies of all records, including but not limited to video, audio, and written files, regarding the investigation of Matthew Paul DeHart by the Memphis Field Office of the FBI.

17. Plaintiff's Second Request included a signed privacy waiver/DOJ-361 form from Mr. DeHart.

18. Plaintiff's Second Request sought both a fee benefit as a representative of the news media under 5 U.S.C. § 552(a)(4)(A)(ii) and a fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii).

19. By letter dated September 7, 2018, the FBI acknowledged receipt of Plaintiff's Second Request, assigning it tracking number 1415504-000. A true and correct copy of the FBI's September 7, 2018 acknowledgement letter is attached hereto as **Exhibit D.**

20. The FBI's September 7, 2018 acknowledgement letter stated that Plaintiff's request for a fee benefit as a representative of the news media had not been granted.

21. By letter dated February 28, 2019, the FBI administratively closed FOIA request 1406831-000, stating that records responsive to that request would be processed in response to FOIA request 1415504-000 (together, the "Combined Requests"). A true and correct copy of the FBI's February 28, 2019 letter is attached hereto as **Exhibit E.**

22. On October 12, 2019, Plaintiff sought an estimated date of completion for the Combined Requests from the FBI's Record/Information Dissemination Section. On October 15, 2019, a public information officer with the FBI replied and stated that that the estimated date of completion for the Combined Requests was June 2020. A true and correct copy of Plaintiff's and Defendant FBI's October 12–15, 2019 email correspondence is attached hereto, collectively, as **Exhibit F.**

23. On July 15, 2020, Plaintiff sought an estimated date of completion for the Combined Requests from the FBI's Record/Information Dissemination Section. On July 20, 2020,

a public information officer with the FBI replied and stated that the Combined Requests would take approximately twenty-nine months to complete.  A true and correct copy of Plaintiff's and Defendant FBI's July 15–20, 2020 email correspondence is attached hereto, collectively, as **Exhibit G.**

24. On April 23, 2021, Plaintiff sought an estimated date of completion for the Combined Requests from the FBI's Record/Information Dissemination Section.  On May 3, 2021, a public information officer with the FBI informed Plaintiff that the estimated date of completion for the Combined Requests was November 2021.  A true and correct copy of Plaintiff's and Defendant FBI's April 23–May 3, 2021 email correspondence is attached hereto, collectively, as **Exhibit H.**

Current Status of the Request

25. As of the filing of this Complaint, Plaintiff has not received a determination with respect to the Combined Requests.

26. As of the filing of this Complaint, Plaintiff has not received any records or portions thereof responsive to the Combined Requests.

27. As of the filing of this complaint, the Combined Requests have been pending for approximately 837 days.

**CAUSES OF ACTION**

**COUNT I: VIOLATION OF FOIA FOR FAILURE TO COMPLY WITH STATUTORY DEADLINES**

28. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 27 as though fully set forth herein.

29. Defendants are agencies subject to FOIA.  5 U.S.C. §§ 552(f), 551.

30. The Combined Requests properly seek records within the possession, custody, and/or control of Defendants under FOIA.

31. The Combined Requests complied with all applicable regulations regarding the submission of FOIA requests.

3. Defendants failed to make a determination regarding the Combined Requests within the statutory deadlines as required by FOIA.  5 U.S.C. § 552(a)(6)(A).

4. Defendants' failure to make a determination with respect to the Combined Requests within FOIA's statutory deadlines violates Defendants' obligations under FOIA.  5 U.S.C. § 552(a)(6)(A).

32. Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Combined Requests.  5 U.S.C. § 552(a)(6)(C)(i).

## COUNT II: VIOLATION OF FOIA FOR UNLAWFUL WITHHOLDING OF AGENCY RECORDS

33. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 27 as though fully set forth herein.

34. Defendants are agencies subject to FOIA.  5 U.S.C. §§ 552(f), 551.

35. The Combined Requests properly seek records within the possession, custody, and/or control of Defendants under FOIA.

36. The Combined Requests complied with all applicable regulations regarding the submission of FOIA requests.

37. Defendants have not released any records or portions thereof in response to the Combined Requests.

38. Defendants have not cited any exemptions to withhold records or portions thereof that are responsive to the Combined Requests.

39. Defendants have not identified whether or how disclosure of each of the records or portions thereof sought by the Combined Requests would foreseeably harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law.  5 U.S.C. § 552(a)(8)(A).

40. Defendants have improperly withheld agency records responsive to the Combined Requests in violation of FOIA.  5 U.S.C. § 552(a)(3)(A).

41. Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Combined Requests.  5 U.S.C. § 552(a)(6)(C)(i).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

(1) order Defendants to conduct a search reasonably calculated to identify all records responsive to the Combined Requests;

(2) enjoin Defendants from withholding all records or portions thereof responsive to the Combined Requests that are not specifically exempt from disclosure under FOIA;

(3) issue a declaration that Plaintiff is entitled to disclosure of the requested records;

(4) issue a declaration that Defendants' failure to provide a timely determination in response to the Combined Requests violates their obligations under FOIA;

(5) award Plaintiff reasonable attorney fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) grant such other relief as the Court may deem just and proper.

Dated: June 14, 2021

                                          Respectfully submitted,

                                          /s/ *Katie Townsend*
                                              Katie Townsend
                                              D.C. Bar No. 1026115

Email: ktownsend@rcfp.org
Adam A. Marshall
DC Bar No. 1029423
Email: amarshall@rcfp.org
Gunita Singh
D.C. Bar No. 1601923
Email: gsingh@rcfp.org
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9303
Facsimile: 202.795.9310

*Counsel for Plaintiff*